39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John R. THOMPSON, Jr., Maydee L. Thompson, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee,
and
Richard CAMERON, Priscilla Cameron, Lois Fisher, John Huber,
Terry Huber, Dale Lutz, Deanna Lutz, Movants-Appellants.
 Nos. 93-9004, 93-9005.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1994.
 
 Before ANDERSON, McKAY, and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 We abated the appeals in these cases on January 25, 1994, pending a decision by the United States Court of Appeals for the Ninth Circuit in parallel appeals. The Ninth Circuit entered its decision on June 15, 1994, taking jurisdiction over these parallel appeals and dismissing them on mootness grounds.[2] The court left open an avenue for relief in further proceedings before the United States Tax Court.[3]
 
 
 3
 Following these decisions by the Ninth Circuit, we ordered the parties in the appeals herein to show cause why the appeals should not be dismissed, and the parties have responded. The government advocates dismissal on the ground of venue and, in the alternative, on the ground of mootness, in accord with the Ninth Circuit decision. The appellants oppose dismissal, contending essentially that (1) the Ninth Circuit is wrong on the merits of its mootness holding (the reasoning of the Ninth Circuit "is seriously flawed," App. Mem. at 5); (2) we should develop and decide the venue question because it is unique and "is apparently a question of first impression" (venue arising from the residence of the intervenors rather than that of the petitioners), id. at 6; and (3) dismissal "will deprive the Camerons altogether of appellate review of the tax court's orders denying intervention in the Thompson cases," id. at 7.
 
 
 4
 After consideration of the submissions of the parties, the documents on file in this appeal, and the decisions of the Ninth Circuit, we conclude that venue properly lies in the Ninth Circuit. Accordingly, the appeals are DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 See Adair v. Commissioner, No. 92-70812, 1994 WL 266121 (9th Cir. June 15, 1994) (unpublished opinion)
 
 
 [3]
 See Dufresne v. Commissioner, 26 F.3d 105, 107 (1994)